IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ELLIS TRICE                                                                                             PLAINTIFF

v.                          Civil No. 13-2266

LIEUTENANT JENKEY, Diagnostic
Unit, Arkansas Department of Correction (ADC);
DETECTIVE DONALD EVERSOLE,
Crawford County Sheriff's Department;
DETECTIVE PATTI BONEWELL, Crawford
County Sheriff's Office; SERGEANT PERRY,
Little Rock Police Department (LRPD);
JENNIFER HURD, LRPD; OFFICER MELISSA
WRIGHT, LRPD; CAPTAIN DEMANTE, LRPD;
CHIEF BROWN, LRPD; INVESTIGATOR
FIRESTINE, LRPD or Van Buren Police
Department; INVESTIGATOR BELT,
LRPD or Van Buren Police Department; and
OFFICER BRAD INGLE, LRPD or Van Buren Police
Department                                                                                          DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, currently an inmate in the Arkansas Department of Correction, Delta Regional Unit, has filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.*

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**Background**

According to the allegations of the second amended complaint, on July 2, 2008, in Van

-1-

Buren, Arkansas, members of the police department "attacked" the Plaintiff. Plaintiff alleges he had never previously been in Van Buren. Plaintiff was arrested, taken to jail, and held in a "cage."

In the meantime, Plaintiff states his house in Little Rock was being searched. He states the door was kicked in and property was taken including his truck, his cell phone, and his keys to his business. Plaintiff indicates he had a business, Ellis Trice Air-Crafts Cleaning Services, at the Little Rock Airport.

As relief, Plaintiff asks that he be released from incarceration and compensated for his loss of personal and business property.

Plaintiff has filed two prior lawsuits in this district. One, *Trice v. State of Arkansas,* Civil No. 11-2158, was a habeas corpus case brought under 28 U.S.C. § 2254. The case was dismissed on January 24, 2012. The second was *Trice v. Eversole, et al.,* Civil No. 11-2073. Eversole and Bonewell were the Defendants and it concerned the same arrest, search of his home, and the seizure of his property. This case was dismissed on September 28, 2012. Plaintiff appealed and the decision of this Court was affirmed on March 29, 2013.

**Discussion**

This case is subject to dismissal. First, it is barred by the applicable statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of

limitations, Ark. Code Ann. 16-56-105(3).  *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any claims based on events that occurred in 2008, would be barred by the statute of limitations.

Second, Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief.  In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction under § 1983.  *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973)(habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

### Conclusion

For the reasons stated, I recommend that this action be dismissed with prejudice on the grounds it is barred by the statute of limitations and fails to state a claim on which relief may be granted.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of June 2014.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE